WALLACE, JUDGE:
Claimants seek $18,800.00 for damage to an automobile and also personal injuries arising out of an automobile accident which occurred on December 10, 1986. Claimant, Jennifer Williams, was a passenger in the 1983 Chevrolet Cavalier titled in claimant Arliss Jones' name. At the time of the incident, the Cavalier was driven by Jeffrey Todd Williams, present husband of claimant Williams.
Jeffrey Todd Williams was operating the automobile in a southerly direction toward Alderson on West Virginia Route 12. The highways is a two-lane road, and its surface was dry at approximately 10:00 p.m., when this incident occurred. Mr. Williams testified that his speed was approximately fifty-seven miles per hour. The headlights of the automobile which he was operating were on low beam. He is familiar with this route as he had driven it to and from his *221 place of employment for a period of four-to-six months prior to the accident. He stated that the weather was clear and dry. He was on a straight section of the road when his vehicle encountered rocks. He was of the opinion that the rocks came from a hillside to the right of the highway. He was unable to maneuver the automobile to avoid striking the rocks which were in the automobile's path.
Claimant Arliss Jones testified that she had operated a vehicle on West Virginia Route 12 on the evening of the accident. She stated that when she travelled the roadway at approximately 9:00 p.m., she did not observe any fallen rocks. She had purchased the automobile involved in the accident as a used vehicle for $3,600.00 six months before the accident occurred. The automobile was totalled and claimant Jones received approximately $400.00 as salvage for her automobile.
Claimant Jennifer Williams testified that she has reoccurring headaches and back pain as a result of the accident. She has not seen a physician since April, 1988, due to the expense of medical treatment.
Two employees of the respondent, Eugene Ray Tuckwiller and Charles Raymond Lewis, II, testified. Mr. Tuckwiller stated that the accident area had not been brought to his attention as a falling rock problem area. Mr. Lewis' records of the respondent revealed that there have not been any other fallen rock accidents reported in this area for a three-year period prior to December 10, 1986.
The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1941). This Court has held on numerous occasions that the unexplained falling of rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition is insufficient to justify an award. Hammond vs. Dept. of Highways, 11 Ct.Cl. 234 (1977); Adkins vs. Dept. of Highways, 13 Ct.Cl. 307 (1980); Hatfield vs. Dept. of Highways, 15 Ct.Cl. 168 (1984); and Baron vs. Dept. of Highways, CC-87-73 (Opinion issued March 24, 1988). As the claimants herein have not presented evidence to establish notice on the part of the respondent of the rocks in the road or that the respondent knew or should have known of the propensity of rocks to fall in this particular area of West Virginia Route 12, the Court must deny this claim.
Claim disallowed.